Filed 9/25/23  In re R.W. CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Placer)

----

| | |
|---|---|
| In re R.W., a Person Coming Under the Juvenile Court Law. | C098398 |
| PLACER COUNTY DEPARTMENT OF HEALTH AND HUMAN SERVICES, | (Super. Ct. No. 53005303) |
| Plaintiff and Respondent, | |
| v. | |
| J.W., | |
| Defendant and Appellant. | |

Appellant J.W., mother of the minor, appeals from the juvenile court's orders terminating parental rights and freeing the minor for adoption.  (Welf. & Inst. Code, §§ 366.26, 395; statutory section citations that follow are found in the Welfare and Institutions Code unless otherwise stated.)  Mother contends the Placer County

1

Department of Health and Human Services (Department) and the juvenile court failed to comply with the initial inquiry requirements of the Indian Child Welfare Act of 1978 (25 U.S.C. § 1901 et seq.) (ICWA) and related California law.  The Department does not dispute the inquiry in this case was inadequate and does not oppose a conditional affirmance with instructions for compliance with the ICWA.  We conditionally affirm the juvenile court's order, subject to ICWA compliance.

We note that, under these circumstances, a joint application for a conditional affirmance and limited remand from the parties also would have been appropriate and would have permitted this court to issue the remittitur forthwith.  (See Cal. Rules of Court, rule 8.272(c)(1).)

We will incorporate the relevant facts into our discussion of the issue.

### DISCUSSION

Mother argues that, although parents, the paternal grandparents, and the maternal great-grandmother were asked about and denied Native American ancestry, the Department and the juvenile court nonetheless failed to fully comply with the initial inquiry requirements of the ICWA because the Department did not establish it tried to contact the maternal grandparents about possible Native American ancestry.  We accept the Department's concession that conditional affirmance and remand for further ICWA compliance is appropriate.

"The ICWA protects the interests of Indian children and promotes the stability and security of Indian tribes by establishing minimum standards for removal of Indian children from their families, and by permitting tribal participation in dependency proceedings.  [Citations.]  A major purpose of the ICWA is to protect 'Indian children who are members of or are eligible for membership in an Indian tribe.' "  (*In re A.W.* (2019) 38 Cal.App.5th 655, 662.)  The ICWA defines an " 'Indian child' " as a child who "is either (a) a member of an Indian tribe or (b) is eligible for membership in an Indian

2

tribe and is the biological child of a member of an Indian tribe." (25 U.S.C. § 1903(4).) The juvenile court and the Department have an affirmative and continuing duty, beginning at initial contact, to inquire whether a child who is subject to the proceedings is, or may be, an Indian child. (Cal. Rules of Court, rule 5.481(a); § 224.2, subd. (a).) The juvenile court must also ask participants in a dependency proceeding upon each party's first appearance whether the participant knows or has reason to know that the child is an Indian child *and* order the parent to complete an ICWA-020 form. (*In re Austin J.* (2020) 47 Cal.App.5th 870, 883; see also 25 C.F.R. § 23.107(a) (2023); § 224.2, subd. (c); Cal. Rules of Court, rule 5.481(a).)

Due to changes in California law over the past few years, agencies now have a broader duty of inquiry and a duty of documentation (§ 224.2, subd. (b); Cal. Rules of Court, rule 5.481(a)(5)), and courts have been tasked with determining how to assess error when the agency fails to discharge its now-broad duty of inquiry. We review claims of inadequate inquiry into a child's Native American ancestry for substantial evidence. (*In re Rebecca R.* (2006) 143 Cal.App.4th 1426, 1430.) Not every error by an agency in discharging its duties under section 224.2, subdivision (b) will undermine the juvenile court's ICWA finding under section 224.2, subdivision (i)(2), but the court's ability to exercise discretion in this regard is dependent on adequate record development by the department or agency. Agencies have often conceded error and, therefore, disposition of the issue on appeal has often turned on whether the error was prejudicial.

Although reviewing courts have generally agreed that reversal is dependent on showing prejudice, or a miscarriage of justice, approaches for assessing prejudice have varied. (See, e.g., *In re E.V.* (2022) 80 Cal.App.5th 691, 698; *In re Dezi C.* (2022) 79 Cal.App.5th 769, review granted Sept. 21, 2022, S275578; *In re J.C.* (2022) 77 Cal.App.5th 70, 80; *In re A.C.* (2021) 65 Cal.App.5th 1060, 1069; *In re Benjamin M.* (2021) 70 Cal.App.5th 735, 744; *In re G.A.* (2022) 81 Cal.App.5th 355, review granted Oct. 12, 2022, S276056.)

The California Supreme Court has granted review in *In re Dezi C., supra*, 79 Cal.App.5th 769, and we anticipate further clarification of this issue. Until then, we accept the Department's concession that conditional affirmance and remand for further ICWA compliance is appropriate.

A section 300 petition was filed on behalf of the then eight-month-old minor on March 14, 2022, who had been left without care. Both parents were appearing in criminal court at the time of the initial detention hearing and were not present. The juvenile court inquired of the paternal grandmother, who was present, whether, to her knowledge, father or minor have any Native American ancestry and she said they did not. The hearing was continued. Mother was present at the continued detention hearing. Her counsel confirmed that she did not have any Native American ancestry. The juvenile court asked the paternal grandparents, who were both present, about possible Native American ancestry and the paternal grandmother again confirmed that father had no Native American ancestry that would qualify him to be a registered tribe member. The hearing was again continued in order to secure father's attendance. At the continued detention hearing, on April 5, 2022, father confirmed for the court that he had no Native American ancestry. Mother also confirmed again that she had no Native American ancestry. The juvenile court then found that the ICWA did not apply.

The subsequent jurisdiction/disposition report stated that, on two additional occasions, both paternal grandparents denied Native American ancestry. Mother and father had also denied Native American ancestry and, subsequent to the detention hearings, the social worker had contacted the maternal great-grandmother who also stated they did not have Native American ancestry. On April 27, 2022, at the jurisdiction/disposition hearing, the juvenile court found again that the ICWA did not apply.

The report prepared for the six-month review hearing stated that on September 14, 2022, both paternal grandparents had again denied Native American ancestry. On

4

September 21, 2022, father had again denied Native American ancestry and on September 27, 2022, the maternal great-grandmother denied any Native American ancestry. The maternal great-grandmother did not know if the maternal grandfather had any Native American ancestry, and she did not have any contact with him.

The report prepared for the February 22, 2023, section 366.26 hearing, reported that on February 15, 2023, the paternal grandparents had again denied Native American ancestry. On February 22, 2023, the juvenile court again found that the ICWA does not apply.

While the Department and the juvenile court inquired of the parents, the paternal grandparents, and the maternal great-grandmother about possible Native American ancestry on numerous occasions and each denied Native American ancestry, the Department did not establish it tried to contact the maternal grandparents about possible Native American ancestry. The detention report reflects that the paternal grandmother, and presumably mother, were in contact with the maternal grandmother since the maternal grandmother had contacted the paternal grandmother just days before the filing of the section 300 petition and borrowed $600 to bail mother out of jail. A social history from mother's prior dependency case in 2020, attached to the jurisdiction/disposition report in this case, provided the maternal grandfather's name (with whom mother then maintained contact through Facebook) and reflected that mother was then in contact with the maternal grandmother. The Department concedes that conditional affirmance and remand for additional inquiry of available extended family members is appropriate.

In light of the Department's concession, the record, and the remedial purpose underlying the ICWA and related California law intended to protect third party rights, we apply the analytical framework set forth by the California Supreme Court in *In re A.R.* for assessing harm and we conclude the error is prejudicial. (*In re A.R.* (2021) 11 Cal.5th 234, 252-254.) Although the parents and several extended family members were asked about Native American ancestry, the failure to attempt to contact other family members

5

may have resulted in an unreliable finding that the ICWA does not apply; remanding for an adequate inquiry in the first instance is the only meaningful way to safeguard the rights at issue. (*In re A.R.*, at pp. 252-254.) Accordingly, we remand the case to the juvenile court for further proceedings to address compliance with the inquiry and notice provisions of the ICWA and entry of new orders regarding the applicability of the ICWA.

DISPOSITION

The orders terminating parental rights are conditionally affirmed, subject only to full compliance with the ICWA as described by this opinion. If, on remand, the juvenile court determines the ICWA applies, the court shall vacate its previous orders terminating parental rights and conduct further proceedings consistent with the ICWA, including a new section 366.26 hearing. (25 U.S.C. § 1914; § 224, subd. (e).) On remand, the parents shall have counsel reappointed and be provided due process, including notice and the right to be heard, for all ICWA compliance proceedings.



_____

HULL, J.


We concur:


_____

EARL, P. J.



_____

ROBIE, J.